

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

April 29, 1969

Honorable J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas   78711

Opinion No. M-386

Re: Validity of State Board
of Education regulation
requiring that State in-
stitutions of higher learn-
ing reimburse the Central
Education Agency for
actual travel and per
diem expenses of members
of evaluation teams.

Dear Dr. Edgar:

In your recent letter to this office you have re-
quested our opinion as to the validity of a regulation pro-
mulgated by the State Board of Education which requires that
an institution of higher learning, which applies for approval
of its program of teacher education, must reimburse the Central
Education Agency for the travel and the per diem expenses of
the evaluating committee which visits the institution for the
purpose of reviewing and reporting upon the teacher education
program offered by such institution.

The regulation in question is embodied in Policy
Section 10.4, which reads, in part, as follows:

"10.4.   PROCEDURES FOR APPLYING TEACHER
EDUCATION STANDARDS

"All programs of teacher education in
Texas must be approved by the State Board
of Education.

"1.   Procedure for securing approval:

"a.   An institution desiring approval shall
file an application with the Texas Education
Agency, listing the teacher education programs
for which approval is desired.

-1906-

"b.   The applying institutions will receive from the Agency ten sets of schedules pertaining to the programs for which approval is desired.

"c.   An evaluating committee, appointed by the State Commissioner of Education, will review the schedules and visit the institution for the purpose of reviewing and reporting the teacher education program.  The size and composition of the committee will be in keeping with the nature and scope of the program being evaluated.

"d.   The commissioner of Education, with the advice of the State Board of Examiners for Teacher Education, will use all the information submitted about an institution as the basis for making his recommendation to the State Board of Education.  If the recommendation is unfavorable, the applying institution may file a formal protest with the State Board of Education.

"2.   The expenses of the evaluating committee, except for expenses incurred by representatives of the Texas Education Agency, shall be borne by the applying institution.

"  .  .  "

You state in your letter of request that, under the authority of this regulation, the Central Education Agency has entered into inter-agency contracts with each institution seeking approval for its teacher education program and, pursuant to such contracts, obtained reimbursement for the travel and per diem expenses of the evaluating teams which visited the institutions for the purpose of evaluating and reporting upon their teacher education program.

The authority of the State Board of Education with regard to rules and regulations pertaining to the certification of teachers and approval of teacher education programs offered by institutions of higher education is embodied in Section 2 of Article 2891b, Vernon's Civil Statutes.  This Section reads as follows:

"Sec. 2.  The State Board of Education, with the advice and assistance of the State Commissioner of Education, is hereby authorized

to establish such rules and regulations as are
not inconsistent with the provisions of this
teacher certification law and which may be
necessary to administer the responsibilities
vested under the terms of this Act concerning
the issuance of certificates and the standards
and procedures for the approval of colleges
and universities offering programs of teacher
education.

"In order to secure professional advice
in advising or making his recommendations to
the State Board of Education, the Commissioner
of Education shall consider recommendations of
the State Board of Examiners for Teacher Educa-
tion in all matters covered by this Act."

It should be noted that the authority given to the
State Board of Education to promulgate rules and regulations
under Section 2 of Article 2891b is specifically limited to
"such rules and regulations as are not inconsistent with the
provisions of this teacher certification law and which may be
necessary to administer the responsibilities vested under the
terms of this Act." This is in keeping with the well recognized
principles of law applicable to administrative agencies. 1 Tex.
Jur.2d 656-657, Administrative Law, §11. We hold that the
regulation designated as Policy Section 10.4, Subdivision 2,
conflicts with the intention of the Legislature as expressed
in Section 3 of Article 2891b and the current and prior ap-
propriations to the Central Education Agency.

The relevant portions of Section 3 of Article 2891b
read as follows:

". . .No applicant shall receive a teacher
certificate of any class or kind, except as
otherwise hereinafter provided, without first
depositing with the State Commissioner of
Education the application fee prescribed to
be paid under the provisions of this Act for
the particular type or class of certificate
requested.

"All application fees collected under the
provisions of the teacher certification laws
shall be used to cover the expenses of inspec-
tion and identification of approved college or

university teacher education programs and of
recording and issuing certificates."

The plain language of this Section specifically
dedicates a portion of the fees, which accompany applications
for certification, for the purpose of defraying the expenses
of inspection and identification of teacher education pro-
grams at colleges and universities. The current General
Appropriation Act, and prior appropriations to the Central
Education Agency, contain a specific appropriation for
"travel of official committees appointed by the Commissioner
of Education." This would certainly include the evaluating
committee appointed under Regulation 10.4. Section 2 of
Article 2654-7, Vernon's Civil Statutes, further provides
that the expenses of official Commissioners appointed to
advise the Commissioner of Education "shall be included
within the regular operating budget of the State Department·
of Education /Central Education Agency7"

It is incumbent upon the State Board of Education
to approve colleges and universities offering programs of
teacher education, and the provisions of Section 2 of Article
2891b specifically authorize the Board, by rule and regulation,
to establish the standards and procedures for such approval.
While we recognize that the power of the Board in this regard
is embodied in rather broad language, we are persuaded that
the specific language of Section 3 of the same Article, together
with that of Section 2 of Article 2654-7, and the consistent
action of the Legislature in appropriating funds to cover the
travel expense of the evaluating committees, necessarily pre-
cludes any implied authority on the part of the Board to require
that a college or university, being considered for approval,
bear the burden of the travel and per diem expense of the
evaluating committee.

Therefore, you are hereby advised that it is our
opinion that Subparagraph 2 of the rule or regulation designated
by the Board of Education as Policy Section 10.4 exceeds the
authority of the Board and is therefore invalid.

We are also of the opinion that the Interagency
Cooperation Act, Article 4413(32) of Vernon's Civil Statutes,
does not empower one agency to exact of another reimbursement
for services which it is otherwise obligated to perform for
that agency and the Legislature has appropriated funds tc be
used for that purpose.

## S U M M A R Y

The rule or regulation of the State Board of Education which requires that a college or university seeking approval of its teacher education program reimburse the Central Education Agency for the travel and per diem expenses of the members of the evaluating committee which inspects such college or university exceeds the authority conferred upon the Board by Article 2891b, V.C.S., and is not authorized by Article 4413(32), V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Sam Kelley
Bob Davis
Wardlow Lane
Ralph Rash

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant